IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL REED,<br>CONSTANCE HALIBURTON-BRYANT, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| vs. | ) CASE NO. 3:09-1163<br>) JUDGE ECHOLS/KNOWLES<br>) |
| RUTHERFORD COUNTY CIRCUIT COURT;<br>RUTHERFORD COUNTY GENERAL<br>SESSIONS COURT;<br>RUTHERFORD COUNTY CLERK OF THE<br>GENERAL SESSIONS COURT;<br>RUTHERFORD COUNTY CLERK OF THE<br>CIRCUIT COURT;<br>RICHARD GLEAVES;<br>KIDWELL, SOUTH & BEASLEY;<br>BRANDON BOOTEN;<br>DAVID HALEY, ET AL., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Judge Echols has referred this action to the undersigned, "pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) and (B), for scheduling pretrial discovery, monitoring the progress of the parties, and consideration of all pretrial matters." Docket No. 3. The Court deems it appropriate to conduct a frivolity review, pursuant to 28 U.S.C. § 1915(e), which provides in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (B) the action or appeal –

>           (i)  is frivolous or malicious;
>           (ii) fails to state a claim upon which
>           relief may be granted . . . .

Plaintiffs, proceeding pro se, initiated this action by filing a document headed "CIVIL COMPLAINT FOR DEPRIVATION OF CIVIL AND STATUTORY RIGHTS UNDER COLOR OF AUTHORITY AND UNDER COLOR OF LAW." Docket No. 1(caps in original). The body of the Complaint states in full as follows:

> This complaint is brought for remedy and relief redressing acts of misconduct in offices of county government, the courts, and the venues regulated by the county court.
>
> We claim damages to our rights and interests because the misconduct, infractions and acts by key personnel have operated to deprive us of the right to issue process, to have our claims heard, and to have our rights and interests as citizens and parties to court actions administered in a manner that reflects the regulatory effect of the state constitution's due process and equal protection statutes.

*Id.*, p. 1-2.

In order to state a claim upon which relief can be granted, a Complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate

2

standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

Plaintiffs' Complaint consists wholly of legal conclusions. Plaintiffs present no facts from which the Court can discern any actionable claims.

For the foregoing reasons, the undersigned recommends that Plaintiffs' Complaint be DISMISSED WITH PREJUDICE.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

---

[1] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie,* 452 U.S. 394, 399 n.3. (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                               _____
                               E. Clifton Knowles
                               United States Magistrate Judge